UNITED STATES DISTRICT COURT
WESTERN DISTRICTR OF KENTUCKY
OWENSBORO DIVISION

ROY K. YOQUELET, JR.,

Plaintiff,

v.

AKAL SECURITY INC.,
DR. G. GOLDHAGEN, in his individual capacity,
JANELLE HOHNKE, in her individual capacity,
unknown agents of the FEDERAL OCCUPATIONAL HEALTH AGENCY, and
unknown agents of the U.S. MARSHAL SERVICE

Defendants.

) CAUSE NO: 4:15-CV-55-JHM

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

## I. Nature of the Case

1. Plaintiff, Roy K. Yoquelet, Jr. ("Yoquelet"), brings this Complaint against, AKAL Security Inc. ("AKAL"), for its discriminatory actions toward him based on his age, in violation of the Age Discrimination in Employment Act, and his disability, in violation of the American with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et. seq.*

2. Yoquelet brings this action against Dr. G. Goldhagen, Janelle Hohnke, other unknown agents of the Federal Occupational Health Agency ("FOH"), and other unknown agents of the U.S. Marshal Service ("USMS") for deprivation of his liberty interest.

## II. Parties

3. Yoquelet is a citizen of the United States who has resided in Spencer County in the State of Indiana at all relevant times hereto.

4. AKAL is a corporation doing business in the Western District of Kentucky.

5. Dr. G. Goldhagen was employed by the Federal Occupational Health Agency, as a Reviewing Medical Officer, and participated in the administrative decision to disqualify and remove Yoquelet from the contract with the United States Marshal Service within the geographic boundaries of the Western District of Kentucky.

6. Janelle Hohnke is employed by the Office of Court Security, Judicial Security Division, USMS Headquarters in Arlington, Virginia, and participated in the administrative decision to disqualify and remove Yoquelet from the contract with the United States Marshal Service.

7. Other unknown agents of the Federal Occupational Health Agency participated in the administrative decision to disqualify and remove Yoquelet from the contract with the United States Marshal Service within the geographic boundaries of the Western District of Kentucky.

8. Other unknown agents of the U.S. Marshal Service participated in the administrative decision to disqualify and remove Yoquelet from the contract with the United States Marshal Service within the geographic boundaries of the Western District of Kentucky

## III. Jurisdiction and Venue

9. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 29 U.S.C. § 626; and 42 U.S.C. § 12117.

10. Yoquelet, at all times relevant, was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and 29 U.S.C. § 630(f).

11. Yoquelet has a "disability" as that term is defined by 42 U.S.C. § 12102(2).

12. Yoquelet is a "qualified individual with a disability" as defined by 42 U.S.C. §12111(8).

13. AKAL is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A) and 29 U.S.C. § 630(b).

14. Yoquelet satisfied his obligation to exhaust his administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charges alleging discrimination by AKAL based on age and disability. Yoquelet received his Notice of Suit Rights and timely files this action.

15. A substantial portion of the events pertinent to this lawsuit have occurred in the legal environs of the Western District of Kentucky, thus venue in this Court is proper.

## IV. Factual Allegations

16. Yoquelet was born on August 2, 1941.

17. Yoquelet was hired by AKAL's predecessor on or about July 1, 1984 as a Court Security Officer (CSO) at the Owensboro Federal Court. AKAL is contracted with the U.S. Marshal Service to provide court security. At the time of his termination, Yoquelet served as the Lead Court Security Officer.

18. At all times relevant, Yoquelet met or exceeded AKAL's legitimate performance expectations.

19. Yoquelet is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2)(c), and/or Defendants regarded Yoquelet as disabled. At all relevant times, Defendants had knowledge of Yoquelet's disability and/or it regarded Yoquelet as being disabled. Yoquelet can perform the essential functions of his position with or without a reasonable accommodation.

20. As part of the U.S. Marshal Services' requirements, Yoquelet was required to pass a medical examination each year. In 2013, on his medical report, Yoquelet's physician

listed Xarelto, a blood thinner, as one of the medications Yoquelet was taking. Yoquelet was medically cleared to perform his position and given no limitations.

21. In or about September 2013, Yoquelet, as required, submitted to his medical testing for the following year. In or about January 2014, Dr. Goldhagen, Hohnke, and other unknown agents of the FOH and USMS removed Yoquelet from duty and requested further medical information.

22. Yoquelet promptly had his physicians provide further medical information and testing, and his physicians again placed no restrictions on Yoquelet.

23. Despite this, Dr. Goldhagen, Hohnke, and other unknown FOH and USMS agents again requested further testing, this time including a stress test. Yoquelet complied with all requests for additional information and/or testing.

24. On or about April 21, 2014, Dr. Goldhagen, Hohnke, and other unknown FOH and USMS agents directed that Yoquelet discontinue performing under the contract because he allegedly did not meet the medical standards. However, Yoquelet could perform his duties and was medically cleared by his physicians. On or about April 22, 2014, AKAL terminated Yoquelet's employment.

25. Similarly situated younger individuals who are not disabled have had similar circumstances and have not been terminated.

## V. Causes of Action

### Count I: AKAL – Disability Discrimination

26. Yoquelet hereby incorporates by reference paragraphs one (1) through twenty-five (25) as if the same were set forth at length herein.

27. Yoquelet was terminated from his employment from AKAL on the basis of his disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

28. Defendant AKAL's actions were intentional, willful and in reckless disregard of Yoquelet's rights as protected by the ADA.

29. Yoquelet has suffered and continues to suffer harm as a result of Defendant AKAL's unlawful actions.

**Count II: AKAL – Age Discrimination**

30. Yoquelet hereby incorporates by reference paragraphs one (1) through twenty-nine (29) as if the same were set forth at length herein.

31. Defendant AKAL discriminated against Yoquelet based on his age.

32. Defendant AKAL willfully and intentionally discriminated against Yoquelet on the basis of his age in violation of the ADEA.

33. Yoquelet has suffered damages as a result of Defendant AKAL's unlawful actions.

**Count V: Dr. Goldhagen, Hohnke and other unknown FOH and USMS agents – Violation of the Fifth Amendment**

34. Yoquelet hereby incorporates by reference paragraphs one (1) through thirty-three (33) as if the same were set forth at length herein.

35. Dr. Goldhagen, Hohnke, and other unknown FOH and USMS agents removed Yoquelet from the U.S. Marshal Service contract with AKAL on the basis of his disability and/or age in violation of his liberty interest protected by the Fifth Amendment to the United States Constitution. .

36. Dr. Goldhagen, Hohnke, and other unknown FOH and USMS agents' actions were willful, intentional, and done with reckless disregard for Yoquelet's civil rights.

37. Yoquelet has suffered injury as a result of the Dr. Goldhagen, Hohnke, and other unknown FOH and USMS agents' unlawful actions.

## VI. Requested Relief

WHEREFORE, Plaintiff, Roy K. Yoquelet, Jr., by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoin Defendants from engaging in any policy or practice that discriminates against any employee or contractor on the basis of his/her disability and age;

2. Reinstate the Plaintiff to his former position or award front pay in lieu thereof;

3. Order that the Plaintiff be awarded any back pay he would have earned, including fringe benefits, with related monetary benefits and interest thereon, absent Defendants' unlawful acts;

4. Award the Plaintiff compensatory damages, consequential damages, and lost wages and benefits in an amount sufficient to compensate Plaintiff for the damages caused by the Defendants' unlawful acts;

5. Award the Plaintiff punitive damages and liquidated damages from AKAL;

6. Award the Plaintiff his attorney fees, litigation expenses, and costs incurred as a result of this action;

7. Award the Plaintiff pre- and post-judgment interest on all sums recoverable; and

8. Grant such other relief as may be just and proper.

Respectfully submitted,

s/ Andrew Dutkanych
Andrew Dutkanych, Atty. No. 91190
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

*Attorneys for Plaintiff, Roy K. Yoquelet, Jr.*

**DEMAND FOR JURY TRIAL**

The Plaintiff, Roy K. Yoquelet, Jr., by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

s/ Andrew Dutkanych
Andrew Dutkanych, Atty. No. 91190
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

*Attorneys for Plaintiff, Roy K. Yoquelet, Jr.*