# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

| | |
|---|---|
| ROY K. YOQUELET, JR., | ) |
|  | ) NO. 5:15-CV-55-GNS/HBB |
| PLAINTIFF, | ) |
|  | ) |
| VS. | ) |
|  | ) |
| AKAL SECURITY, INC., ET AL., | ) |
|  | ) |
| DEFENDANTS. | ) |

### DEFENDANT AKAL SECURITY, INC.'S AMENDED ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCOMPLAINT

### I. ANSWER

Defendant Akal Security, Inc. ("Defendant"), by and through its undersigned counsel, files this Answer and Affirmative Defenses to the Amended Complaint filed by Plaintiff Roy K. Yoquelet, Jr. ("Plaintiff"). Defendant hereby answers the Complaint as follows:

### Nature of the Case

1. Defendant admits only that Plaintiff brings a Complaint against it alleging violations of the Age Discrimination in Employment Act and the American with Disabilities Act. Defendant denies that it has violated either Act, or any other law vis a vis Plaintiff, and denies any remaining allegations contained in paragraph no. 1.

2. Defendant admits only that Plaintiff claims to have brought an action against various individuals and organizations referenced in paragraph no. 2, but denies any remaining allegations.

### Parties

3. Defendant admits that Plaintiff is a citizen of the United States, but is without information sufficient to admit or deny the remaining allegations of paragraph no. 3.

4. Defendant denies the allegations of paragraph no. 4.

5. Upon information and belief, Defendant admits only that Dr. Goldhagen was employed as a Medical Review Officer and recorded that Plaintiff be medically disqualified from serving as a court security officer on the judicial security contract between the United States Marshal Service ("USMS") and Defendant. Defendant denies any remaining allegations of paragraph no. 5.

6. Upon information and belief, Defendant admits only that Janelle Hohnke is employed with the USMS. Defendant is currently without information to further admit or deny the remaining allegations of paragraph no. 6, and so denies same.

7. Defendant is currently without information sufficient to admit or deny the remaining allegations of paragraph no. 7, and so denies same.

8. Defendant is currently without information sufficient to admit or deny the remaining allegations of paragraph no. 8, and so denies same.

## Jurisdiction and Venue

9. To the extent paragraph no. 9 sets forth a legal conclusion, neither an admission nor a denial is required. To the extent any further answer is required, Defendant admits only that subject matter jurisdiction may lie against it under 28 U.S.C. § 1331 and § 1343. Defendant denies any remaining allegations of paragraph no. 9.

10. To the extent paragraph no. 10 sets forth a legal conclusion, neither an admission nor a denial is required. To the extent any further answer is required, Defendant admits only that

Plaintiff at times was one of its employees. Defendant denies any remaining allegations of paragraph no. 10.

11. Defendant is currently without information sufficient to admit or deny the allegations of paragraph no. 11, and so denies same.

12. Defendant denies the allegations of paragraph no. 12.

13. To the extent paragraph no. 13 sets forth a legal conclusion, neither an admission nor a denial is required. To the extent any further answer is required, Defendant admits only that at times it was Plaintiff's employer.

14. Defendant is currently without information sufficient to admit or deny the allegations of paragraph no. 14, and so denies same.

15. Defendant admits only that venue is appropriate as to Defendant in this Court. Defendant denies any remaining allegations of paragraph no. 15.

## Factual Allegations

16. Upon information and belief, Defendant admits the allegations of paragraph no. 16.

17. Defendant admits that it has contracts with the USMS to provide court security at certain federal courthouses, and admits that Plaintiff served at some point as a Lead Court Security Officer. Defendant is currently without information sufficient to admit or deny the remaining allegations of paragraph no. 17, and so denies same.

18. Defendant denies the allegations of paragraph no. 18.

19. Defendant denies the allegations of paragraph no. 19.

20. Defendant admits that the USMS required that Plaintiff be medically qualified each year in order to serve as a court security officer. Defendant further admits that in

conjunction with his 2013 annual exam, a physician for Plaintiff referenced that he was taking Xarelto. Defendant further admits that prior to taking his 2013 annual exam, Plaintiff was deemed by the USMS to be medically qualified, based on his 2012 annual exam. Defendant denies all remaining allegations of paragraph no. 20.

21. Defendant admits that in September, 2013, Plaintiff underwent an annual medical exam, as required by USMS. Defendant further admits that in a Medical Review Form issued in January, 2014, Dr. Goldhagen recommended that Plaintiff be removed from duty and that he submit additional medical information. Defendant denies any remaining allegations of paragraph no. 21.

22. Defendant admits that further testing and medical information was provided by physicians for Plaintiff, and that those physicians did not state that work restrictions be placed on Plaintiff at that time. Defendant denies any remaining allegations of paragraph no. 22.

23. Defendant admits that in a Medical Review Form issued in March, 2014, Dr. Goldhagen requested further testing, including a specific stress test. Defendant is currently without sufficient information to fully admit or deny the remaining allegations of paragraph no. 23, and so denies same.

24. Defendant admits that in a Medical Review Form issued in April, 2014, Dr. Goldhagen recommended that Plaintiff be deemed medically unqualified to serve as a court security officer. Defendant further admits that it terminated Plaintiff's employment effective April 22, 2014. Defendant denies all remaining allegations of paragraph no. 24.

25. Defendant denies the remaining allegations of paragraph no. 25.

## Causes of Action

### Count I:  AKAL – Disability Discrimination

26. Defendant restates and incorporates by references its responses to paragraphs nos. 1-25.

27. Defendant denies the allegations of paragraph no. 27.

28. Defendant denies the allegations of paragraph no. 28.

29. Defendant denies the allegations of paragraph no. 29.

### Count II:  AKAL – Age Discrimination

30. Defendant restates and incorporates by references its responses to paragraphs nos. 1-29.

31. Defendant denies the allegations of paragraph no. 31.

32. Defendant denies the allegations of paragraph no. 32.

33. Defendant denies the allegations of paragraph no. 33.

### Count V [sic]:  Dr. Goldhagen, Hohnke and other unknown FOH and USMS agents – Violation of the Fifth Amendment

34. Defendant restates and incorporates by references its responses to paragraphs nos. 1-33.

35. Defendant denies the allegations of paragraph no. 35.

36. Defendant denies the allegations of paragraph no. 36.

37. Defendant denies the allegations of paragraph no. 37.

### Requested Relief

38. Defendant denies that Plaintiff is entitled to any of the relief requested, and denies that Plaintiff is entitled to any other relief.

39. Defendant denies each and every other allegation not otherwise specifically admitted.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred to the extent they fail to state claims upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred to the extent he failed to properly mitigate any alleged damage.

### Third Affirmative Defense

Plaintiff's claims are barred to the extent he did not timely file suit or exhaust administrative remedies.

### Fourth Affirmative Defense

Plaintiff's claims are barred to the extent any challenged standard was job-related and consistent with business necessity.

### Fifth Affirmative Defense

Plaintiff's claims are barred to the extent that any challenged standard was job-related and consistent with business necessity, and to the extent no reasonable accommodation was possible.

### Sixth Affirmative Defense

Plaintiff's claims are barred to the extent accommodations posed an undue hardship.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that allowing him to provide security at federal courthouses would pose a significant risk to the health and safety of Plaintiff, to other individuals in the workplace, and/or to the public.

### Eighth Affirmative Defense

Plaintiff's claims may be barred to the extent they are subject to arbitration under the terms of a collective bargaining agreement and are not properly before this Court.

### Ninth Affirmative Defense

Plaintiff's age claim fails because Defendant did not initiate any adverse employment action against Plaintiff.

### Tenth Affirmative Defense

Plaintiff is not entitled to any recovery from Defendant because a collective bargaining agreement between Plaintiff's Union and Akal requires that Plaintiff indemnify and hold Akal harmless for any claims arising from employees removed by the Marshal Service.

### Eleventh Affirmative Defense

Plaintiff's claims for punitive damages and attorney's fees are barred because Defendant did not engage in any conduct that would rise to the level required to sustain an award of punitive damages or attorney's fees.

### Twelfth Affirmative Defense

Plaintiff's age claim is barred, in whole or in part, to the extent any alleged injuries suffered by Plaintiff were caused by the acts or omissions of third parties for whose actions Defendant neither legally nor factually responsible.

### II. COUNTERCOMPLAINT

Counterclaimant/Defendant Akal Security, Inc. ("Defendant") alleges as follows:

### Parties

1.  Defendant is a New Mexico corporation, with principal place of business in Espanola, New Mexico. Defendant is and was at all relevant times herein an employer within the meaning of Section 2(2) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(2).

2. Upon information and belief, Counter-Defendant/Plaintiff Roy K. Yoquelet Jr. ("Plaintiff") is a citizen of the Commonwealth of Kentucky.

## Jurisdiction

3. This Court has jurisdiction over this action.

## Venue

4. Venue is proper because this Countercomplaint concerns activities conducted substantially in the Western District of Kentucky, Owensboro Division.

## Factual Background

5. Defendant is a nationwide provider of private, commercial, and government security solutions, including contracting with the United States Government to provide Court Security Officers (CSOs) for United States Courthouses.

6. Until recently, Defendant held the contract to provide CSOs for United States Courthouses in Kentucky, including the United States Courthouse for the Western District of Kentucky at Owensboro.

7. Plaintiff and other CSOs in the Western District of Kentucky joined and participated in the United Government Security Officers of America, International Union ("UGSOA") for the purpose of collective bargaining. The UGSOA is and was at all relevant times herein an unincorporated association and a labor organization within the meaning of Section 2(5) of the NLRA, 29 U.S.C. § 152(5).

8. The UGSOA, and its Local 143, represented these CSOs, including Plaintiff, in collective bargaining with Defendant, seeking a Collective Bargaining Agreement.

9. Effective July 1, 2011, Defendant and the UGSOA, with its Local 143, reached a Collective Bargaining Agreement, which has been attached as Exhibit A. The Collective Bargaining Agreement covered all CSOs in the Western District of Kentucky, including Plaintiff.

10. Article 4, Section 4.1(a) of the Collective Bargaining Agreement provides: "After completion of the probationary period, as specified in Appendix B.1.5, no Employee shall be dismissed or suspended without just cause. Just cause shall include any action or order of removal of an employee from working under the contract by the U.S. Government, or revocation of required CSO credentials by the USMS under the Contract between the US Marshal Service and Akal Security, Inc."

11. On April 21, 2014, Defendant received notice from the United States Marshal Service that Plaintiff had been medically disqualified from service as a CSO.

12. Per contractual directive from the United States Marshal Service, Plaintiff cannot serve as a CSO because he is medically disqualified.

13. Because Plaintiff was medically disqualified from serving as a CSO, Defendant terminated Plaintiff's employment as a CSO on April 22, 2014.

14. Article 4, Section 4.1(a) of the Collective Bargaining Agreement states that "Any temporary or permanent removal of an employee by determination of the Government as described in Section H-3 of the Contract, if available, shall not become permanent without requisite notice to the employee and the opportunity provided for the employee to respond to the Government's action within fifteen (15) days of the determination. Upon written request, the Company will provide the Union, in a timely manner, with all information concerning the removal that they may legally release, and will provide the Union with any relevant information concerning the proper Government point of contact and their contact data. The 'final decision'

on the employee's removal shall be determined by the Government, and the Employer shall be held harmless by the Union and the employee for any further claims made after this final determination. This provision is not intended to limit or prohibit the rights of any party to seek relief from other parties, but no such relief is available by the Union under the Agreement against the Company through the grievance and arbitration procedure or otherwise."

15. In accordance with the Collective Bargaining Agreement, the determination that Plaintiff was medically disqualified constituted a final decision by the Government.

16. On June 9, 2014, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), alleging that Defendant discriminated against him by terminating his employment on the basis of age and disability.

17. On March 19, 2015, the EEOC determined to close its file, concluding that the information submitted by Plaintiff did not establish a violation against Defendant.

18. On April 20, 2015, Plaintiff filed the instant lawsuit against Defendant and other parties, alleging in relevant part that Defendant discriminated against him by terminating his employment on the basis of age and disability.

19. In accordance with the Collective Bargaining Agreement, Plaintiff must hold Defendant harmless for Plaintiff's claims.

### First Cause of Action

**(Breach of Contract)**

20. Defendant incorporates Paragraphs 1 through 19 as though fully set forth herein.

21. The Collective Bargaining Agreement generally, including Article 4, Section 4.1(a) thereof specifically, is valid, enforceable and binding as against Plaintiff.

22. The Collective Bargaining Agreement requires that, for any claims against Defendant following a final decision made by the United States government regarding Plaintiff's removal or medical disqualification, Plaintiff and the UGSOA will hold Defendant harmless.

23. Plaintiff advanced claims against Defendant about his medical disqualification and removal before the EEOC.

24. Plaintiff has advanced claims against Defendant about his medical disqualification and removal before this Court in the instant lawsuit.

25. Plaintiff has not held Defendant harmless for these claims.

26. As a result, Plaintiff has breached the Collective Bargaining Agreement.

27. Because of the breach, Defendant has been damaged in the amount of its attorneys' fees and costs to date, with the fees and costs continuing to accrue, and Defendant would be further damaged by any adverse judgment in favor of Plaintiff.

## Second Cause of Action

### (Promissory Estoppel)

28. Defendant incorporates Paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff agreed to representation by the UGSOA and to be bound by the Collective Bargaining Agreement negotiated.

30. Defendant reasonably relied on Plaintiff's promise and acts and should not be held financially responsible for claims brought in violation of the Collective Bargaining Agreement's "hold harmless" provision.

31. Defendant's reliance on Plaintiff's promise was to its detriment because Plaintiff has failed to hold Defendant harmless, as his actions led Defendant to believe he would do as to his medical disqualification and removal.

32.     Because of this detrimental reliance, Defendant has been damaged in the amount of its attorney fees and costs to date, with the fees and costs continuing to accrue, and Defendant would be damaged by any adverse judgment in favor of Plaintiff.

### Prayer for Relief

Wherefore, Defendant respectfully requests this Court grant the following relief:

1.      Judgment against Plaintiff;

2.      An order that Plaintiff contribute, indemnify and/or reimburse Defendant for its attorney fees, costs and related expenses incurred in defense of the action that Plaintiff brought before the EEOC and in enforcing the "hold harmless" provision referenced above;

3.      An order that Plaintiff contribute, indemnify and/or reimburse Defendant for its attorney fees, costs and related expenses incurred in defense of the instant lawsuit by Plaintiff and in enforcing the "hold harmless" provision referenced above;

4.      An order that Plaintiff contribute, indemnify and reimburse Defendant for any judgment that may be recovered by Plaintiff in this action;

5.      All attorney fees, expenses, and costs available;

6.      All pre- and post-judgment interest available on damage awards, verdicts, and/or judgments; and

7.      All such other and further relief, legal and equitable, that this Court deems just and proper.

This the 22d day of June, 2015.

Respectfully submitted,

/s/ Jay Inman_____
Jay Inman
LITTLER MENDELSON, P.C.
333 West Vine Street, Suite 1620

Lexington, Kentucky 40507  
Telephone: 859.317.7970  
Facsimile: 859.201.1250  
jinman@littler.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing has been filed via the electronic filing system on June 22, 2015. Notice of filing will be performed by the Court's electronic filing system, and the Parties may access the document through the electronic filing system.

/s/ Jay Inman_____  
Jay Inman